**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HEERY INTERNATIONAL, INC., and E.R. MITCHELL & COMPANY, d/b/a HEERY/MITCHELL, a Joint Venture, | : : : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:10-CV-3835-RWS |
| v. | : : : |
| DEKALB COUNTY SCHOOL DISTRICT, GEORGIA, *et al.*, | : : : |
| Defendants. | : |

## **ORDER**

This case comes before the Court on Plaintiff Heery International, Inc.'s ("Heery") Motion to Remand [42]. After considering the record, the Court enters the following Order.

### **Background**

This action was filed by Heery and Plaintiff E.R. Mitchell & Company ("Mitchell"), doing business as the Heery/Mitchell Joint Venture ("Heery/Mitchell") in the Superior Court of DeKalb County, Georgia (the "Superior Court") in February 2007. Heery/Mitchell was the schools

construction program manager for the DeKalb County School District ("DCSD") from October 1997 until it was suspended from this role by DCSD in April 2006. Heery/Mitchell's complaint asserted a breach of contract claim against DCSD. DCSD answered and asserted various counterclaims. The parties engaged in extensive discovery and motions practice in the Superior Court throughout 2007 and 2008.

In May 2010, the DeKalb County District Attorney indicted multiple DCSD officials on public corruption felony charges related to DCSD's school construction program. In October 2010, Heery and Mitchell filed separate first amended complaints in Superior Court. The amended complaints alleged that DCSD's senior leadership engaged in a covert scheme to wrongfully remove Heery/Mitchell as construction program manager. Mitchell's First Amended Complaint, filed October 22, 2010, asserted a federal civil rights claim along with state law claims. Heery and Mitchell each also sought leave to file a second amended complaint to add new party defendants. The Superior Court asked DCSD to respond to the motions to add new defendants in an expedited manner. On November 8, 2010, DCSD filed the following motions in the Superior Court: (1) Motion to Strike Portions of [Heery's] First Amended Complaint; (2) Motion to Strike Portions of [Mitchell's] First Amended

2

AO 72A
(Rev.8/82)

Complaint; (3) Consolidated Motion to Dismiss in Part Heery/Mitchell's First Amended Complaints; (4) Consolidated Response to Heery/Mitchell's Motion for Leave to Add Parties; (5) Answer to [Heery's] First Amended Complaint; and (6) Answer to [Mitchell's] First Amended Complaint. On November 12, 2010 DCSD filed Amended Answers to the First Amended Complaints.

On November 17, 2010 the Superior Court notified the parties that it was granting Heery and Mitchell leave to file their respective second amended complaints and add 17 new party defendants to the case. The court also requested "that plaintiffs prepare an order granting their motion to add parties/amend complaint, and an order denying DCSD's motion to realign parties," and noted that "[d]iscovery will be reopened [for] 6 months." The Superior Court entered an order on November 22, 2010 memorializing the decision it announced to the parties on November 17, to allow Plaintiffs to amend their complaints and add additional party defendants. That same day–thirty days after Mitchell filed its First Amended Complaint which contained a federal cause of action–DCSD removed this action to this Court. In this Court, DCSD has moved to strike the Second Amended Complaint of Heery and Mitchell arguing that when the Superior Court's November 22 order was entered, DCSD had already effectuated removal of the case to this Court

3

earlier in the day, and therefore the Superior Court did not have jurisdiction to enter the order.

Heery has moved to remand this action back to the Superior Court.

## Discussion

A state court plaintiff has 30 days after the filing of notice of removal to seek remand. 28 U.S.C. § 1447(c). The Notice of Removal [1] was filed on November 22, 2010, and Heery timely filed its Motion to Remand [42] on December 15, 2010. In order to remand an action to state court, a plaintiff must identify a defect in the defendant's removal. "One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to federal court." Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004). The Eleventh Circuited noted:

> A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court . . . [w]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court . . . ."

Id. (quoting Charles A. Wright, et. al., 14B Federal Practice & Procedure § 3721 (2003)). For the reasons stated below, the Court finds that DCSD took

4

substantial offensive and defensive actions in the state court action following the filing of Mitchell's First Amended Complaint, but prior to seeking removal to this Court, therefore waiving its right to remove the action.

Mitchell's First Amended Complaint, alleging a federal cause of action in this case for the first time, was filed in the Superior Court on October 22, 2010. Pursuant to 28 U.S.C. § 1447(c), DCSD had until November 22, 2010 to file a notice of removal if it intended to remove the case. DCSD did file a timely Notice of Removal [1] on November 22, 2010, but in the thirty day period following the filing of Mitchell's First Amended Complaint DCSD also took substantial actions in the Superior Court that were not dictated by the rules of that court. Plaintiff in its Motion to Remand [42] identifies eight motions that DCSD filed during that intervening period. DCSD's Consolidated Response to Heery/Mitchell's Motion for Leave to Add Parties was dictated by the expedited response schedule set by the Superior Court. However, the other seven motions filed by DCSD–two motions to strike, a consolidated motion to dismiss, two answers, and two amended answers –were not dictated by the Superior Court or Georgia's Civil Practice Act. The Court finds such steps to be substantial enough to "demonstrate a clear and unequivocal intent to litigate the cause in state court." Roper v. Saxon Mortg. Servs. Inc., No. 1:09-cv-312-

RWS, 2009 WL 1259193, at *1 (N.D. Ga. May 5, 2009) (citing <u>Yusefzadeh</u>, 365 F.3d at 1246).

The facts of <u>Yusefzadeh</u> and <u>Roper</u>, both cases in which it was held that the defendant had not waived the right to remove, are distinguishable from the present action. In <u>Roper</u>, the plaintiff filed an action on January 5, 2009. <u>Roper,</u> 2009 WL 1259193, at *1. On January 28, 2009 the defendant filed an answer and moved to remove the action on February 3, 2009. <u>Id.</u> The plaintiff in that action argued that defendants had waived their right to remove by filing an answer. <u>Id.</u> This Court in <u>Roper</u> stated that defendants had not indicated an intent to litigate the case in state court because they "filed an Answer in the State Court and a Notice of Removal *shortly thereafter*." <u>Id.</u> (emphasis added). In <u>Yusefzadeh</u>, the action was filed on September 2, 2003. 365 F.3d at 1245. On September 22, 2003 the defendant filed two motions to dismiss and moved to remove the action on September 25, 2003. <u>Id.</u> The district court in that action *sua sponte* remanded the suit to state court holding that by filing the motions to dismiss the defendant had waived its right to remove. <u>Id.</u> In reversing the district court's decision, the Eleventh Circuit found that the defendant had not taken substantial offensive or defensive actions by filing the motions to dismiss. <u>Id.</u> at 1247. In that case, the Court recognized that Florida

6

law required a defendant to file responsive pleadings within 20 days, but concurrently has 30 days to seek removal, and this discrepancy in time periods placed defendant in a quandary.[1]  Id. at 1246.  The Eleventh Circuit found that because the defendant filed his responsive brief in compliance with state law and did not schedule a hearing on the motion and because the state court had not ruled on the motion, the defendant had not waived its right to remove the action.  Id. at 1246-47.

In contrast, this action was filed in the Superior Court in February 2007 and removal was sought in November 2010 after extensive discovery and motions practice.  The Court recognizes that a federal cause of action was not alleged in the Superior Court until October 22, 2010 and DCSD may not have been able to seek removal of the action until that date.  Nonetheless, before it sought removal on November 22, 2010, DCSD took significant steps that distinguish this action from either Roper or Yusefzadeh.  On November 8, 2010, DCSD filed six motions, only one of which was required by the Court or Georgia law, and filed two more motions at its discretion on November 12, 2010.  The Court does not accept

---

[1] "This discrepancy in the time periods places a state court defendant in a quandary of either (1) removing the action and filing the motion to dismiss in federal court within 20 days, (2) filing a motion to dismiss in state court and then immediately seeking removal or (3) requesting an extension to file responsive pleadings in state court prior to removing."  Yusefzadeh, 365 F.3d at 1246 (citation omitted).

7

DCSD's argument that the other five motions filed on November 8, 2010 were integral to its Consolidated Response to Heery/Mitchell's Motion for Leave to Add Parties, such that all six motions should be considered to have been required by the Court.  DCSD did not face the same quandary as the defendant in Yusefzadeh, and did not seek to remove the action less than a week after filing an initial answer to a complaint like the defendant in Roper.  Rather, DCSD filed seven discretionary motions and waited for the Superior Court to announce its intent to rule against DCSD on the Motion for Leave to Add Parties before filing its Notice of Removal. The Court finds that these facts are significantly different from those in Roper, Yusefzadeh, and the other cases cited by DCSD to argue that it has not waived its right to remove this action.  The actions taken by DCSD prior to seeking removal of this case represent substantial offensive or defensive actions, such that it has waived its right to remove this action.

While the Court does not base its holding on this consideration, it is worth noting that DCSD waited until after the Superior Court expressed its intent to grant Plaintiffs' motions for leave to add parties and amend their complaints before seeking removal.[2]  While DCSD's removal was timely, it in

---

[2] The Court recognizes that DCSD stated in its Notice of Removal that it does not file this Notice of Removal to "preempt" in any way the yet-to-be filed order in the Superior Court Action granting Heery/Mitchell

8

effect is attempting in this Court to have a second bite at the apple.[3] After losing the argument in the Superior Court, DCSD now argues to this Court that Plaintiffs should not be able to add additional parties to the action. While the argument is technically sound, and while DCSD's intent in removal may not have been to avoid the Superior Court's order, the Court notes that DCSD does now attempt to escape the intended ruling of the Superior Court.

The Court is not convinced by DCSD's arguments that Plaintiffs waived their right to seek remand as a result of its filings in this Court.  Plaintiff contends that "[r]ather than move to remand, Heery instead chose to file its Second Amended Complaint on November 30, 2010, thus invoking this Court's jurisdiction" and also served the newly named Defendants.  (Dkt. [71] at 12-13).  DCSD also cites Heery's response to DCSD's Motion to Strike and its filing of its Motion to Disqualify Counsel and for Sanctions as further evidence that it waived its right to seek remand.  These filings, however, do not represent

---

leave to add new parties and to bring even more new claims.  Rather, the School District is preserving its right to remove the Superior Court Action to this Court before its deadline to do so expires on November 22, 2010.
(Dkt. [1] at 4, n.1).

[3] The Superior Court's communication of its intended ruling on November 17, 2002 may also be properly perceived as a denial by that court of DCSD's pending Motions to Strike and Consolidated Motion to Dismiss.

9

"affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles to remand." Clyde v. Nat'l Data Corp., 609 F. Supp. 216, 219 (N.D. Ga. 1985) (citation omitted).  First, Heery's response to the Motion to Strike was required by the rules of this Court.  Second, Heery's Motion to Disqualify Counsel was not filed prior to its Motion to Remand.  Finally, Heery's filing of the Second Amended Complaint is not "an affirmative action by Plaintiff sufficient to constitute a waiver of [its] right to seek a remand." Id. at 220.  Heery did not seek leave to file an amended complaint, but rather filed the Second Amended Complaint pursuant to the order of the Superior Court.  While the parties dispute whether the order, entered *nunc pro tunc* as of November 17, 2010, has force in this Court given that it was not actually issued until after the Notice of Removal was filed on November 22, 2010, resolving this dispute is not necessary in determining whether Heery waived its right to seek remand.  It is enough for this Court's consideration that Heery's action was taken pursuant to the expressed intent of the Superior Court.

The cases cited by DCSD to argue that Heery has waived its right to remand are distinguishable.  None of the cases cited by DCSD involve a plaintiff that filed an amended complaint in federal district court pursuant to an order of the state court from which the case was removed.  In In re Moore, 209

10

AO 72A
(Rev.8/82)

U.S. 490, 496, 28 S. Ct. 585, 52 L. Ed. 904 (1908), the plaintiff following removal filed an amended petition and entered into successive stipulations for a continuance of trial in the federal court.  In Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996), the plaintiff did not move for remand until after he had an adverse dispositive order entered against him.  In Johnson v. Odeco Oil & Gas Co., 864 F.2d 40, 42 (5th Cir. 1989), considerable discovery had taken place in the federal court for nearly a year and defendants had moved for summary judgment prior to the plaintiff seeking remand.  In Lanier v. Am. Bd. Of Endodontics, 843 F.2d 901, 905 (6th Cir. 1988), the plaintiff, before seeking remand, "entered into stipulations, filed requests for discovery, sought to amend her complaint, filed a new lawsuit against the defendant in federal court, demanded trial by jury, and proceeded with discovery."  In Harris v. Edward Hyman Co., 664 F.2d 943, 945 (5th Cir. 1981), the Plaintiff served on Defendants requests for admissions, requests for production of documents, and interrogatories, as well as responded to Defendants request for documents.  In Knowles v. Hertz Equip. Rental Co., 657 F.Supp. 109, 111 (S.D. Fla. 1987), cited by DCSD, the district court allowed remand because it found that: "Plaintiffs' actions in this case have not caused any real prejudice or hardship to Defendants.  Further any discovery which may have already occurred herein

11

will no doubt be of use in any subsequent and further proceedings." The plaintiffs in these cases cited by DCSD took more substantive steps in the federal district court than Heery has in this action.

This Court finds that Heery has not waived its right to seek remand. The Court recognizes that Mitchell, also a Plaintiff in this action, also supports removal to this Court, but its assent to removal does not defeat its Co-Plaintiff's right to seek remand.

## Conclusion

For the aforementioned reasons, Heery's Motion to Remand [42] is **GRANTED**. The Clerk shall **REMAND** the case to the Superior Court of DeKalb County, Georgia and terminate the pending motions before this Court.

**SO ORDERED**, this  31st  day of January, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)